UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>V. )<br>)<br>)<br>RESIDENCE LOCATED AND )<br>SITUATED AT 264 LONG MEADOW, )<br>SPRING BRANCH, COMAL COUNTY, )<br>TEXAS, )<br>)<br>Respondent. ) | CIVIL ACTION NO. SA-13-CV-875 |

**<u>VERIFIED COMPLAINT FOR FORFEITURE</u>**

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and respectfully states as follows:

**I.
<u>NATURE OF THIS ACTION</u>**

This action is brought by the United States of America seeking forfeiture to the United States of the following real property as follows:

The real property located and situated at **264 Long Meadow, Spring Branch, Comal County, Texas,** with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests, if any, and being more particularly described as follows:

> **Lot 421, River Crossing, Unit 2, According to the Map or Plat Thereof, Recorded in Volume 13, Page 184, of the Map Records of Comal County, Texas.**

hereinafter referred to as "Respondent Real Property."

## II.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Real Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Real Property is found in this district.

## III.
## VIOLATIONS

This civil forfeiture action *in rem* is brought for violations of Title 21 U.S.C. § 801 *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. §§ 881(a)(7), which states:

§ 881. Forfeitures

(a) Subject property
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

On September 18, 2013, Anna Nicole King (hereinafter "King"), was arrested in San Antonio, Texas. A criminal complaint filed in cause number SA-13-830-M charged King with violations of Title 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(A), Conspiracy to Possess and Possession

with Intent to Distribute 50 grams or more of a mixture of substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance. The facts and circumstances that are the basis for the criminal complaint and criminal investigation are the same facts and circumstances that give rise to the instant civil forfeiture case.

**Current Investigation**

1.      In September 2013, the Drug Enforcement Administration (DEA), working with the New Braunfels Police Department (NBPD), identified King as a distributor of "ICE" (methamphetamine) from her residence located at 264 Long Meadow, Spring Branch, Texas, more specifically, described as:

> **Lot 421, River Crossing, Unit 2, According to the Map or Plat Thereof, Recorded in Volume 13, Page 184, of the Map Records of Comal County, Texas,**

(hereinafter "Respondent Real Property"). A Cooperating Source (CS) told law enforcement officers that King was trafficking methamphetamine from the Respondent Real Property for over eight months. The CS stated that he/she purchased methamphetamine from King at the Respondent Real Property approximately two times per week within the last three months and that he/she routinely purchased one to two ounces on each occasion. The CS also stated that he/she observed half-pound and pound quantities of methamphetamine at the Respondent Real Property within the past month. The CS stated that King is the Source of Supply (SOS) for numerous individuals who have been arrested in and around Comal County in the past few months for possession of methamphetamine.[1] The CS stated that King was having problems in the past few months collecting money for previously "fronted" methamphetamine and in response, King's source of supply, who is from

---

[1] DEA agents confirmed that at least one individual who was supplied by King was arrested for possession of three ounces of methamphetamine in Comal County thus corroborating some of the CS' information about KING and her distribution of methamphetamine in this area.

3

Dallas, sent an individual to oversee King's distribution and help with the collection of payment for the sale of the methamphetamine. The CS described this individual as Carlos Martinez, also known as "Bear." Martinez was arrested along with King on September 18, 2013.

**Purchases of Methamphetamine made from and Search Warrant at Respondent Property**

2.      On September 11, 2013, DEA agents instructed the CS to purchase two ounces of methamphetamine from King. During this purchase which occurred at the Respondent Real Property, the CS witnessed the methamphetamine being recovered from a safe located behind a mirror in the Respondent Real Property and the cash the CS used to purchase the methamphetamine was placed into the same safe. Afterwards, the CS turned over the purchased controlled substance to agents and told them that he/she observed security cameras inside and outside of the Respondent Real Property. Agents conducted a field test of the purchased substance and it indicated a positive result for methamphetamine.

3.      On September 12, 2013, the CS and King discussed the purchase of three ounces of methamphetamine. During the conversation, King stated that she had a half-ounce of methamphetamine for sale, that she would be traveling to Dallas to pick up approximately one pound of methamphetamine and that she would be returning within the next few days.

4.      Agents reviewed a recording of one of the CS' purchases from King. The CS explained that several people entered the room during the drug transaction as King weighed the methamphetamine. In a conversation between King and the CS about remodeling the Respondent Real Property, King is heard stating that she was paying for all the home repairs with profits derived

from her drug sales. During the search conducted pursuant to the search warrant, agents observed that there were several areas of the house being remodeled.

5. On September 18, 2013, DEA agents, Task Force officers and members of the Comal County Metro Narcotics Task Force executed a federal search warrant at the Respondent Real Property. King was arrested at the scene, along with another individual identified as Raul Bautista. Carlos "Bear" Martinez was apprehended nearby and brought back to the Respondent Real Property. During the search, agents seized from the safe previously described by the CS, a substance which when field tested indicated a positive result for methamphetamine. This substance was packaged by the ounce in clear plastic bags. The total amount seized from the safe weighed 215 gross grams. This quantity and its packaging are consistent with distribution of controlled substances. Also seized during the search of the Respondent Real Property were nine firearms.

**Arrest and Interview of King**

6. In a voluntary interview following her arrest, King stated that she has been dealing methamphetamine from the Respondent Real Property since October 2012 and that she initially distributed methamphetamine in gram quantities but increased to multi-ounce quantities. King indicated that from October 2012 to February 2013, she distributed approximately one pound per month. Beginning in March 2013 until the present, King admitted that she increased the amount of methamphetamine she distributed to one pound per week.[2] King stated that she earned approximately $400.00 for each ounce she sold. When she increased her sales to one pound of methamphetamine per week, which King states was between March 2013 to the date of her current arrest, she estimated earning approximately $480,000.00.

---

[2] According to DEA, the street value of a pound of methamphetamine is approximately $20,000.00.

**Conclusion**

7.      Based on the above-described facts, more particularly, that King used the Respondent Real Property for the storage and distribution of methamphetamine, it can reasonably be concluded that the Respondent Real Property was used, in any manner or part, to commit or to facilitate the sale and/or distribution of methamphetamine as described above. Therefore, the Respondent Real Property is subject to forfeiture pursuant to Title 21 U.S.C. § 881(a)(7), for violations of Title 21 U.S.C. § 801 *et. seq.*

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Real Property, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[3] that an order to command the United States Marshals Service to post the Notice of Complaint for Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and Title 18 U.S.C. § 985(c)(1)(B), that the Respondent Real Property be forfeited to the United States of America, that the Respondent Real Property be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[3] Appendix B, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Real Property.

                    Respectfully submitted,

                    ROBERT PITMAN
                    United States Attorney

By:    */s/ Mary Nelda G. Valadez*
                    Mary Nelda G. Valadez
                    Assistant United States Attorney
                    Asset Forfeiture Section
                    601 N.W. Loop 410, Suite 600
                    San Antonio, Texas 78216
                    Tel: (210) 384-7040
                    Fax: (210) 384-7045
                    Texas Bar No. 20421844

## **VERIFICATION**

Special Agent Mark Perry, declares and say that:

1.	I am a Special Agent with the Drug Enforcement Administration, assigned to the San Antonio Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2.	I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 24 day of September, 2013.

_____
Mark Perry, Special Agent
Drug Enforcement Administration
San Antonio Division Office

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>V. )<br>)<br>RESIDENCE LOCATED AND )<br>SITUATED AT 264 LONG MEADOW, )<br>SPRING BRANCH, COMAL COUNTY, )<br>TEXAS, )<br>)<br>Respondent. ) | CIVIL ACTION NO. SA-13-CV-875 |

## NOTICE OF COMPLAINT FOR FORFEITURE

1. On _____, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas, against **264 Long Meadow, Spring Branch, Comal County, Texas with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests**, if any (hereinafter the Respondent Real Property), more particularly described in the Verified Complaint for Forfeiture, for violations of Title 21 U.S.C. § 801 *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(7).

2. Pursuant to Supplemental Rule G(4)(b) notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Real Property. Pursuant to Supplemental Rule G(4)(b) any person claiming an interest in the Respondent Real Property who has received direct notice of this forfeiture action must file a Claim in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by**

**APPENDIX B**

mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if **notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed.

The Claim and Answer must be filed with the Clerk of the U.S. District Court, 655 East Cesar E. Chavez Blvd., Room G65, San Antonio, Texas 78206, and copies of each shall be served upon Assistant United States Attorney Mary Nelda G. Valadez, United States Attorney's Office, 601 NW Loop 410, Suite 600, San Antonio, TX 78216, or default and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

DATE NOTICE SENT: _____

                                Respectfully submitted,

                                ROBERT PITMAN
                                United States Attorney

By: *(signature)*
      Mary Nelda G. Valadez
      Assistant United States Attorney
      Asset Forfeiture Section
      601 N.W. Loop 410, Suite 600
      San Antonio, Texas 78216
      Tel: (210) 384-7040
      Fax: (210) 384-7045
      Texas Bar No. 20421844

**APPENDIX B**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                 ) | |
| )                                          | |
| Petitioner,                                ) | |
| )                                          | |
| V.                                         ) CIVIL ACTION NO. SA-13-CV-875 |
| )                                          | |
| )                                          | |
| )                                          | |
| RESIDENCE LOCATED AND                      ) | |
| SITUATED AT 264 LONG MEADOW,               ) | |
| SPRING BRANCH, COMAL COUNTY,               ) | |
| TEXAS,                                     ) | |
| )                                          | |
| Respondent.                                ) | |

### ORDER TO POST NOTICE OF COMPLAINT
### FOR FORFEITURE OF RESPONDENT REAL PROPERTY

WHEREAS on _____, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas, against the **264 Long Meadow, Spring Branch, Comal County, Texas, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests**, if any (hereinafter the Respondent Real Property), more particularly described in the Verified Complaint for Forfeiture, for violations of Title 21 U.S.C. § 801 *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(7); IT IS THEREFORE

ORDERED that the United States Marshals Service for the Western District of Texas, or other authorized law enforcement officer or any other person or organization authorized by law, be commanded to post the Notice of Complaint for Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and Title 18 U.S.C. § 985(c)(1)(B), by affixing a copy of the Notice of Complaint for Forfeiture in

this action, in a conspicuous place upon the premises and, if applicable, by leaving a copy of the Notice of Complaint for Forfeiture and accompanying documents with the occupant of the premises, if any, until further order of the Court, and to make my return as provided by law and said Order has been executed.

SIGNED this _____ day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE